UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Intellitech Corporation,
    Plaintiff

    v.                                    Case No. 16-cv-9-SM
                                          Opinion No. 2017 DNH 034
The Institute of Electrical and
Electronics Engineers,
    Defendant

**O R D E R**

This is an action for copyright infringement.  Plaintiff,
Intellitech Corporation, alleges that defendant, The Institute
of Electrical and Electronics Engineers ("IEEE"), infringed its
registered work, entitled "Clause for a Pipeline v. 20."  By
prior order, the court dismissed its claims against the
individually named defendants.  Defendant, IEEE, has also moved
to dismiss the suit, pursuant to Fed. R. Civ. P. 12(b)(6), for
failure to state a claim upon which relief can be granted.
Defendant's motion to dismiss is necessarily denied, as
explained below.

**Standard of Review**

When ruling on a motion to dismiss under Fed. Civ. P.
12(b)(6), the court must "accept as true all well-pleaded facts
set out in the complaint and indulge all reasonable inferences

1

in favor of the pleader." SEC v. Tambone, 597 F.3d 436, 441
(1st Cir. 2010).  Although the complaint need only contain "a
short and plain statement of the claim showing that the pleader
is entitled to relief," Fed. R. Civ. P. 8(a)(2), it must allege
each of the essential elements of a viable cause of action and
"contain sufficient factual matter, accepted as true, to state a
claim to relief that is plausible on its face." Ashcroft v.
Iqbal, 556 U.S. 662, 678 (2009) (citation and internal
punctuation omitted).

"Under Rule 12(b)(6), the district court may properly
consider only facts and documents that are part of or
incorporated into the complaint; if matters outside the
pleadings are considered, the motion must be decided under the
more stringent standards applicable to a Rule 56 motion for
summary judgment." Trans-Spec Truck Serv., Inc. v. Caterpillar
Inc., 524 F.3d 315, 321 (1st Cir. 2008) (citing Garita Hotel
Ltd. Partnership v. Ponce Fed. Bank, F.S.B., 958 F.2d 15, 18
(1st Cir. 1992)).  "When ... a complaint's factual allegations
are expressly linked to — and admittedly dependent upon — a
document (the authenticity of which is not challenged), that
document effectively merges into the pleadings and the trial
court can review it in deciding a motion to dismiss under Rule
12(b)(6)." Id. (quoting Beddall v. State St. Bank & Trust Co.,

2

137 F.3d 12, 16–17 (1st Cir.1998) (additional citations omitted).

To survive a motion to dismiss, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citation omitted).  Instead, the facts alleged in the complaint must, if credited as true, be sufficient to "nudge[ ] [plaintiff's] claims across the line from conceivable to plausible." Id. at 570.  If, however, the "factual allegations in the complaint are too meager, vague, or conclusory to remove the possibility of relief from the realm of mere conjecture, the complaint is open to dismissal." Tambone, 597 F.3d at 442.

**Background**

The relevant facts, as set forth in plaintiff's amended complaint and construed in the light most favorable to Intellitech, are as follows.  Intellitech is a New Hampshire corporation that possesses a portfolio of intellectual property assets, including the copyright relevant to this suit.  That copyright, for the work entitled, "Clause for a Pipeline v. 20," was registered with the United States Copyright Office on

October 24, 2014 (the "Work").  IEEE is a not-for-profit
corporation, which promulgates standards regarding certain
technical issues related to electrical and electronic endeavors.
IEEE's standards are developed collaboratively by working groups
comprised of expert volunteers in the field.

The complaint alleges that IEEE caused derivatives of the
work to be published without Intellitech's permission or
license.  Intellitech alleges that, at some point, a derivative
of the work was published and disseminated to members of an IEEE
working group, specifically the "P1838 working group."  In
October 2014, in response to Intellitech's assertion of
copyright ownership in the Work, IEEE reported that all copies
of the Work would be removed from its servers.  However, in
December 2015, members of the P1838 working group again
"published more than one derivative of the work while . . .
indicating that no private entity owned a copyright in the
material."  Compl. ¶ 26.  Based on the above, Intellitech
asserts a copyright infringement claim against IEEE.

## Discussion

In support of its motion to dismiss, IEEE makes two
arguments.  First, it says that, because plaintiff has only
alleged a "limited publication" of the Work to IEEE working
group members, Intellitech has not stated a viable claim for

4

copyright infringement.  Second, IEEE argues that, even if Intellitech has sufficiently stated a claim for infringement, its claims for statutory damages and attorneys' fees should be dismissed because Intellitech has failed to allege sufficient facts to support either claim.

### (1)  Consideration of Materials Outside the Pleadings

Before reaching the merits of defendant's arguments, the court must first address defendant's reliance on documents outside the pleadings.  IEEE cites to declarations and exhibits filed by Intellitech, as well as to declarations and exhibits filed on its behalf.  For purposes of this motion, the exhibits fall within two broad categories.  The first category includes those documents related to the IEEE website, which, IEEE argues, is a private website that is password protected and accessible only by IEEE working group members.  The second category includes documents consisting of IEEE working group meeting minutes and emails, which relate to the timing of the purported infringement.

IEEE argues that the court may consider these materials because they are referred to in plaintiff's amended complaint, and because neither party disputes their authenticity.  It points out that documents relating to the IEEE website were

submitted as an exhibit by Intellitech, as were some of the P1838 working group emails upon which IEEE relies.  And, it argues, the working group meeting minutes, although filed by it, are properly considered because the activities of the P1838 working group are directly referenced in Intellitech's complaint.  Intellitech seemingly does not dispute the authenticity of any of the documents, but does object generally to the court's consideration of documents filed by IEEE.

As noted earlier, "[o]rdinarily . . . any consideration of documents not attached to the complaint, or not expressly incorporated therein, is forbidden, unless the proceeding is properly converted into one for summary judgment under Rule 56. See Fed. R. Civ. P. 12(b)(6).  However, courts have allowed "exceptions for documents the authenticity of which [is] not disputed by the parties; for official public records; for documents central to plaintiffs' claim; or for documents sufficiently referred to in the complaint." Watterson v. Page, 987 F.2d 1, 3 (1st Cir. 1993) (citations omitted).  Here, as IEEE states, documents relating to the IEEE website were filed by Intellitech, and it seemingly does not dispute their authenticity.  Accordingly, the court will consider the printout of the specific IEEE website (docket no. 14-15).  For identical

reasons, the court will also consider the September 11, 2014,
email from Kathryn Bennett (document no. 14-12).

The same cannot be said, however, with respect to the
authenticity of documents filed by or on behalf of IEEE,
specifically, the P1838 working group meeting minutes and the
declaration of IEEE employee Kathryn Bennett.  IEEE does not
argue that those documents are central to Intellitech's claim.
And, the complaint's passing references to the "activities" of
the P1838 working group and the P1838 working group meeting
minutes do not rise to the level of "sufficiently referred to in
the complaint."  While the complaint does discuss the
"activities" of the P1838 working group, at no point does the
complaint reference the working group meeting minutes.  Passing
references to the general activities of the P1838 working group
are not enough to qualify specific meeting minutes as
"sufficiently referred to in the complaint."  <u>Watterson</u>, 987
F.2d at 3; <u>cf</u>., <u>Freeman v. Town of Hudson</u>, 714 F.3d 29, 36 (1st
Cir. 2013).

### (2)  **"Limited Publication"**

Moving to the substance of IEEE's arguments, the court
first considers its argument concerning "limited publication" of
the purported derivative work.  IEEE argues that Intellitech's

sole allegation of infringement is that IEEE "violated
plaintiff's copyright by distributing or publishing the Work on
the P1838 Private Site."  Def.'s Mem. in Support of Mot. to
Dismiss at 5.  So, IEEE says, because the publication at issue
was limited to members of the P1838 working group, Intellitech
fails to sufficiently allege "publication," and therefore has
not stated a viable infringement claim as a matter of law.
Plaintiff disagrees, countering that its copyright infringement
claim is not based exclusively on defendant's publication of the
Work, but on defendant's unauthorized creation of derivative
works as well.

     "[T]he Copyright Act grants the copyright holder
'exclusive' rights to use and to authorize the use of his work
in five qualified ways," Sony Corp. of America v. Universal City
Studios, Inc., 464 U.S. 417, 432–33 (1984), including the right
to prepare derivative works based upon the copyrighted work, and
"to distribute copies . . . of the copyrighted work to the
public by sale or other transfer of ownership, or by rental,
lease or lending."  17 U.S.C. § 106.  "Anyone who violates any
of the exclusive rights of the copyright owner,' that is, anyone
who trespasses into his exclusive domain by using or authorizing
the use of the copyrighted work in one of the five ways set
forth in [17 U.S.C. § 106], 'is an infringer of the copyright.'"

Sony Corp., 464 U.S. at 433 (quoting 17 U.S.C. § 501(a)).  "To
establish copyright infringement, the plaintiff must prove two
elements: '(1) ownership of a valid copyright, and (2) copying
of constituent elements of the work that are original.'"  Latin
Am. Music Co. v. Media Power Grp., Inc., 705 F.3d 34, 38 (1st
Cir. 2013) (quoting Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.,
499 U.S. 340, 361 (1991)).


     Read generously at this stage, the complaint states a
viable claim for infringement based not only on IEEE's purported
publication of the Work, but based on its purported creation of
a derivative work as well.  The complaint alleges the
Intellitech's ownership of a valid copyright (see, e.g., compl.
at ¶ 19), and that IEEE wrongfully used its Work in at least one
of the ways described in 17 U.S.C. § 106.  More specifically,
Intellitech's complaint alleges that its copyright was infringed
when IEEE published derivatives of the Work to the P1838 working
group.  See, e.g., Compl. at ¶ 22.  Implicit in that allegation
is that IEEE created a derivative of the Work at issue, and then
distributed that derivative to members of the P1838 working
group.  While plaintiff's complaint is pretty thin, it

sufficiently states a copyright infringement claim for Rule 12(b)(6) purposes.[1]

### (3)   Statutory Damages and Attorneys' Fees

In the alternative, IEEE suggests that Intellitech's claims for statutory damages and attorneys' fees, pursuant to 17 U.S.C. §§ 504 and 505, should be dismissed because both claims are precluded by 17 U.S.C. § 412.  That section provides: "no award of statutory damages or of attorney's fees, as provided by sections 504 and 505, shall be made for: (1) any infringement of a copyright in an unpublished work commenced before the effective date of its registration; or (2) any infringement of copyright commenced after first publication of the work and before the effective date of its registration, unless such registration is made within three months after the first publication of the work."  17 U.S.C. § 412.

---

[1]   IEEE is likely correct that infringement of the "distribution right" requires actual dissemination to the public.  See Atl. Recording Corp. v. Howell, 554 F. Supp. 2d 976, 981 (D. Ariz. 2008) (collecting authority); see also London-Sire Records, Inc. v. Doe 1, 542 F. Supp. 2d 153, 168-69 (D. Mass. 2008).  However, because defendant's argument relies extensively on facts beyond plaintiff's complaint, it is not ripe at this stage of the litigation.  For example, IEEE argues that the purported derivative work was distributed to members of the P1838 working group "for the limited purpose of developing a new IEEE standard."  Def.'s Mot. to Dismiss at p. 6.  That factual allegation is well outside the scope of the complaint. It is an argument more appropriately made in the summary judgment context.

Relying upon the P1838 working group meeting minutes, IEEE construes Intellitech's complaint as alleging that it first infringed the copyright at some point during the summer of 2014, well before the Work's registration date (October 24, 2014). Intellitech's allegations that IEEE infringed the copyright in December of 2015 do not alter the analysis, it argues, because the alleged December 2015 infringement constitutes a mere continuation of IEEE's alleged earlier pre-registration infringement.  IEEE also argues that statutory damages and attorneys' fees are precluded because plaintiff failed to register the Work within three months after its first publication, which, it says, occurred in April or May of 2014.

IEEE's points may well have dispositive merit.  But, given the allegations in the complaint, the initial date of purported infringement, or the date plaintiff first published the Work, cannot be definitively determined.  IEEE's arguments rely entirely on documents and facts outside Intellitech's complaint, and so are not properly before the court.  These, too, are arguments more appropriately made in the summary judgment context.

## Conclusion

For the reasons set forth herein, the IEEE's motion to dismiss (document no. 21) is necessarily denied.

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

February 27, 2017

cc:  Todd A. Sullivan, Esq.
     Jeffrey C. Spear, Esq.